UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOLITA ANDREWS,<br><br>   Plaintiff,<br><br> v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>   Defendant. | Case No. CV 08-1024-JTL<br><br>MEMORANDUM OPINION AND ORDER |

**PROCEEDINGS**

On February 21, 2008, Lolita Andrews ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of her application for Supplemental Security Income benefits. On June 30, 2008, Michael J. Astrue, Commissioner of Social Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On July 28, 2008, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on August 27, 2008, defendant filed an Answer to the Complaint. On October 30, 2008, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On April 22, 1999, plaintiff filed an application for supplemental security income benefits with a protective filing date of April 8, 1999.[1] (Administrative Record ["AR"] at 180-83). The Commissioner denied plaintiff's application for benefits initially, upon reconsideration and at the hearing level in a decision dated October 3, 2001. (AR at 165-68, 171-74, 17-23). The Appeals Council denied plaintiff's timely request for review. (AR at 7-8). Thereafter, plaintiff appealed to the United States District Court. On August 20, 2003, the district court remanded the matter for further administrative proceedings. (AR at 363-79). The district court determined that the Administrative Law Judge ("ALJ") failed to make the required findings regarding the functional demands of plaintiff's past relevant work as a cafeteria worker, cashier and teacher's aide. (AR at 367-71). The district court also found that the ALJ improperly discounted plaintiff's credibility. (AR at 372-78).

The ALJ conducted a supplemental hearing on March 10, 2005 in Los Angeles, California. (AR at 578-623). Plaintiff appeared at the hearing with counsel and testified. (AR at 589-618; 620-21). Randi Langford-Hetrick, a vocational expert, also appeared at the hearing and testified. (AR at 619-20). On October 4, 2005, the ALJ issued a decision denying benefits to plaintiff. (AR at 333-42). The ALJ determined that plaintiff had no severe mental or physical impairments. (AR at 341). The ALJ determined that plaintiff's statements concerning the impact of her impairments on her ability to work were not credible given her conservative medical treatment, the lack of objective findings supporting her allegations, her inconsistent and vague testimony regarding her history of drug and alcohol abuse and her criminal history, and her daily activities. (AR at 340-41). Thereafter, plaintiff appealed to the United States District Court. On November 29, 2006, the district court remanded the matter for further administrative proceedings. (AR at 661-673A). The district court found that the ALJ failed to properly evaluate the severity of plaintiff's mental impairment or impairments because the ALJ

---

[1] Plaintiff previously filed an application for supplemental security income benefits on July 23, 1997. This claim was denied initially and upon reconsideration. Plaintiff failed to appear at the requested hearing and the Administrative Law Judge issued an abandonment dismissal on November 25, 1998. (AR at 158-160; see AR at 627).

improperly removed the impact of plaintiff's alcoholism/drug abuse upon plaintiff's functional capacity before performing the sequential evaluation. (AR at 668-72).

On November 13, 2007, the ALJ conducted a supplemental hearing in Los Angeles, California. (AR at 881-906). Plaintiff appeared at the hearing with counsel and testified. (AR at 886-902). Plaintiff testified that she worked as a cashier for about a month in 1993. (AR at 886). Plaintiff testified that she stood while working and had to sit down because of lightheadedness and paralysis. (AR at 886-87). Plaintiff also testified that she was not able to function at the pace that was required of her or perform the duties that were asked of her. (Id.). Sandra Schneider, a vocational expert, also testified at the hearing. (AR at 902-06). The vocational expert classified plaintiff's past relevant work as Cashier II, Dictionary of Occupational Titles ("DOT")[2] Number 211.462-010, and testified that one month on the job was sufficient for plaintiff to learn the requirements of the job. (AR at 903).

On December 10, 2007, the ALJ issued a third decision denying benefits to plaintiff. (AR at 627-40). The ALJ determined that plaintiff had the following severe impairments: major depression and alcohol and drug abuse. (AR at 631). The ALJ determined that plaintiff's conditions did not meet or equal any of the impairments listed in Appendix 1 of the regulations. (AR at 639). The ALJ determined that plaintiff was moderately limited in the ability to understand and perform complex tasks and had moderate limitations in her ability to maintain attention and concentration. (Id.). The ALJ noted that plaintiff's depression responded well to psychotropic medications and psychotherapy. With regard to plaintiff's physical conditions, the ALJ noted that plaintiff had mild to moderate back and joint pains which were well-controlled by medication; normal blood pressure with the use of anti-hypertension medication; and that plaintiff failed to provide substantial evidence that she was significantly affected by a seizure

---

[2] The Social Security Administration has taken administrative notice of the Department of Labor's Dictionary of Occupational Titles ("DOT"), 20 C.F.R. § 416.966(d)(1); Massachi v. Astrue, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007), which describes the duties and physical requirements of the numerous occupations that it chronicles. Dictionary of Occupational Titles, Fourth Edition, 1991, available at http://www.oalj.dol.gov/libdot.htm; see Pinto v. Massanari, 249 F.3d 840, 845-46 (9th Cir. 2001) ("the best source for how a job is generally performed is usually the Dictionary of Occupational Titles").

problem. (AR at 639). The ALJ determined that plaintiff's retained the functional capacity to perform her past relevant work as a cashier. (AR at 639-40). Accordingly, the ALJ concluded that plaintiff was not disabled through the date of the decision. (AR at 640).

Thereafter, plaintiff appealed to the United States District Court.

## PLAINTIFF'S CONTENTIONS

Plaintiff makes the following claims:

1. The ALJ failed to make specific findings in support of his determination that plaintiff could return to her past relevant work as a cashier.

2. The ALJ failed to properly consider the severity of plaintiff's mental impairments.

3. The ALJ failed to properly evaluate plaintiff's credibility.

## STANDARD OF REVIEW

Under 42 U.S.C. Section 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

///
///
///
///

**DISCUSSION**

**A.     The Sequential Evaluation**

A claimant is disabled under Title II of the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe impairment. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantially gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish his or her entitlement to disability insurance benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

///

**B.    Step Four: Plaintiff's Past Relevant Work**

Plaintiff contends that the ALJ erred at step four of the sequential evaluation and improperly determined that plaintiff could return to her past relevant work as a Cashier II. Plaintiff argues that the one month she spent working as a cashier does not constitute "substantial gainful activity" and, therefore, is not properly classified as past relevant work under the regulations. (Joint Stipulation at 10). Plaintiff also argues that the ALJ failed to make the required findings of fact to support his conclusion that plaintiff retained the residual functional capacity to perform the duties required of a Cashier II. Specifically, plaintiff alleges that the ALJ failed to properly evaluate the severity of plaintiff's impairments and make specific findings regarding plaintiff's physical and mental limitations, the requirements of plaintiff's past relevant work and plaintiff's ability to perform those requirements. (Joint Stipulation at 15-18). In the Memorandum and Order Opinion dated August 20, 2003, the district court found that plaintiff had provided only vague descriptions of her previous job duties and that the ALJ "could not have adequately deduced the requisite information about plaintiff's past relevant work from the record." (AR at 370). The district court remanded the case, in part, to allow the ALJ to make findings regarding the functional demands of plaintiff's past relevant work. (AR at 367-71).

At the March 10, 2005 ALJ hearing, plaintiff testified that she worked as a cafeteria worker in 1993 for two months. (AR at 594). Plaintiff testified that she "was only on call" and that it "wasn't a permanent job." (Id.). Plaintiff explained that she "didn't work every day or anything like that. I just – you know, whenever they needed someone they would call me. So it wasn't an every day job." (Id.).

    1.    Substantial Gainful Activity

A job may be past relevant work when it was done within the last 15 years, lasted long enough for the claimant to learn how to do it and was substantial gainful activity. 20 C.F.R. § 416.965. Substantial gainful activity means work that (a) involves doing significant and productive physical or mental duties; and (b) is done (or intended) for pay or profit. 20 C.F.R. § 416.910. Substantial gainful activity is work activity that is both substantial and gainful. 20 C.F.R. § 416.972. "Substantial work activity is work activity that involves doing significant

physical or mental activities." 20 C.F.R. § 416.972(a). Work may be "substantial" even if it is done on a part-time basis or if the claimant does less, gets paid less, or has less responsibility than when working previously. 20 C.F.R. § 416.972(a); see also Keyes v. Sullivan, 894 F.2d 1053, 1056 (9th Cir. 1990) (approximately twenty-five hours a week may be substantial). Gainful work activity is defined as "work activity [done] for pay or profit" or "the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 416.972(b).

Here, the ALJ found that plaintiff's work as a cashier for the Pomona Unified School District in 1993 constituted past relevant work. In the Joint Stipulation, defendant notes that plaintiff indicated that she performed a cashier job from September 1993 to November 1993, worked three to five days a week and earned $6.66 per hour. (Joint Stipulation at 19) (citing AR at 117). Defendant argues that even if plaintiff worked three days per week, her earnings would be over $500.00 per month and, thus, sufficient to raise the presumption that she engaged in substantial gainful activity pursuant to 20 C.F.R. § 416.974(b)(2)(i). See 20 C.F.R. § 416.974(b)(2)(i) (average monthly earnings over $500.00 for the time worked between January 1990 - June 1999 ordinarily show a claimant has engaged in substantial gainful activity).[3] The evidence in the record, however, does not support defendant's argument. The record contains inconsistent information about how long plaintiff worked as a cashier and how long her shifts were. For example, in the Vocational Report dated April 6, 1998, when asked how many days per week plaintiff worked when employed as a "Sub. Cafeteria Worker"[4] from September 1993 to November 1993, plaintiff wrote "on call." (AR at 97, 111). Plaintiff appeared to describe the same position in a Vocational Report dated August 14, 1997, and indicated that she was a cashier at a cafe, handled money, used the cash register and served

---

[3] Defendant argues that even if plaintiff only worked three days a week, plaintiff's earnings as a cashier were substantial gainful activity. (Joint Stipulation at 19). Plaintiff notes that $6.66 an hour, multiplied by eight hours a day, three days a week for four weeks per month yields a monthly earning of $639.36. (Id.). Defendant notes that pursuant to 20 C.F.R. § 416.974(b)(2)(i), during this time, monthly earnings over $500.00 are considered substantial gainful activity and, thus, argues plaintiff's employment as a cashier constitutes substantial gainful activity.

[4] Plaintiff indicated that her basic duties were "Cashier, Dishwashing." (AR at 99).

food, and worked three to five days a week in this position. (AR at 117; see also AR at 103). In a Disability Report dated March 30, 1999, plaintiff indicated that she worked as a "Cafeteria Wk." from three hours a day for an "open" number of days per week from September 1993 to December 1993. (AR at 197). In two undated worksheet titled Claimant's Work Background, plaintiff indicated that she worked as a cashier for "Pomona Unified School Dist." from September 1993 to November 1993. (AR at 219, 471). In another undated worksheets titled Claimant's Work Background, plaintiff indicated that she worked as a cashier for "Cafeteria[,] Pomona School District" for only two weeks in 1993. (AR at 222). The ALJ failed to resolve the inconsistencies in the record regarding the length of time plaintiff worked as a cashier and failed to make findings to support his determination that plaintiff's previous work as a cashier amounted to substantial gainful activity. Thus, the information in the record is insufficient to support the ALJ's conclusion that plaintiff's previous work as a cashier was properly classified as past relevant work. See 20 C.F.R. §§ 416.965, 416.910, 416.972.

In addition, the record contains three earning queries which indicate plaintiff's average monthly earnings in 1993 were less than $500 per month. A Summary Earnings Query ("SEQY")/Detailed Earnings Query ("DEQY") printout dated November 14, 2003 (AR at 385); the DEQY dated March 9, 2005 (AR at 500); and a SEQY/DEQY/Number Holder - "Wage Earner" ("NH") printout dated February 21, 2007 (AR at 674) all indicate that plaintiff's wage total in 1993 from the Pomona Unified School District was $125.84, well under the amount necessary to support a presumption of substantial gainful activity pursuant to C.F.R. § 416.974(b)(2)(i).

        2.        Plaintiff's Past Relevant Work as a Cashier II

Assuming that plaintiff's previous job as a cashier does amount to substantial gainful activity and was properly classified as past relevant work, plaintiff must then establish that her severe impairment or impairments prevent her from doing her past relevant work. Pinto, 249 F.3d at 844; 20 C.F.R. § 416.920(f) ("If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical and mental demands of the work you have done

in the past. If you can still do this kind of work, we will find that you are not disabled."). Although plaintiff has the burden of showing she can no longer perform her past relevant work, Clem v. Sullivan, 894 F.2d 328, 331-32 (9th Cir. 1990), the ALJ still has a duty to make the requisite factual findings to support his conclusion. Pinto, 249 F.3d at 844

Here, the ALJ found that plaintiff had the severe impairments of major depression and alcohol and drug abuse. (AR at 631). With regard to plaintiff's residual functional capacity, the ALJ determined only that plaintiff was moderately limited in the ability to understand and perform complex tasks and had moderate limitations in her ability to maintain attention and concentration. (AR at 639). The ALJ then concluded that the requirements of plaintiff's past relevant work as a cashier were not precluded by plaintiff's residual functional capacity. (Id.).

In order to determine whether a claimant has the residual functional capacity to perform her past relevant work, the ALJ must evaluate the work demands of the past relevant work and compare them to the claimant's present capacity. 20 C.F.R. § 416.920(e); Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir. 1986). Social Security Ruling ("SSR")[5] 82-62 states that a determination that a claimant has the capacity to perform a past relevant job must contain among the findings the following specific findings of fact: (1) a finding of fact as to the claimant's residual functional capacity; (2) a finding of fact as to the physical and mental demands of the past job or occupation; and (3) a finding of fact that the claimant's residual functional capacity permits her to return to the past job or occupation. SSR 82-62, 1982 WL 31386, at *4; Pinto, 249 F.3d at 845. ("This requires specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work."). The ALJ has satisfied the first requirement in that he made sufficiently specific findings of fact regarding plaintiff's residual functional capacity. The ALJ, however, failed to make the required findings of fact regarding the physical and

---

[5] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991). Although they do not have the force of law, they are nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

mental demands of plaintiff's past work as a cashier and whether plaintiff's residual functional capacity permits her to return to her past work as a cashier. See SSR 82-62, 1982 WL 31386, at *4.

In the decision, the ALJ summarized plaintiff's hearing testimony and noted that, among other things, plaintiff testified that "[s]he last worked in 1993 as a cashier" and that "at that time she had paralysis off and on. She became ill and lightheaded." (AR at 638; see AR at 886-87). In support of the determination that plaintiff is capable of performing her past work as a cashier, the ALJ only noted that the vocational expert testified that plaintiff had past relevant work experience as a cashier which, according to the DOT, is light[6] and unskilled with a specific vocational preparation ("SVP") of two,[7] and that he asked the vocational expert whether a

---

[6] The DOT assigns each occupation that it chronicles a Physical Demands Strength Rating which reflects the estimated overall strength requirement of the job which are considered to be important for average, successful work performance. The DOT defines light work as follows:

> Exerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently, and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible. NOTE: The constant stress and strain of maintaining a production rate pace, especially in an industrial setting, can be and is physically demanding of a worker even though the amount of force exerted is negligible.

Dictionary of Occupational Titles, Appendix C; see also 1991 WL 671840.

[7] SVP is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation. A level two SVP indicates that anything beyond a short demonstration, up to and including one month, is the amount of time necessary for a typical worker to become accustomed to the special conditions of the new job. Dictionary of Occupational Titles, Appendix C; see also 1991 WL 671840.

10

hypothetical individual with plaintiff's limitations could perform plaintiff's past relevant work,[8] and the vocational expert replied that such an individual could perform plaintiff's past work as a cashier. (AR at 640; see AR at 903). The ALJ's conclusory statements fail to satisfy the demands of SSR 82-62. See Nimick, 887 F.2d at 867 (remanding case for failure to comply with SSR 82-62 and stating, "The ALJ's discussion of the demands made of a machine operator lacks the specificity and full development and explanation the Social Security regulations and ruling . . . require."). The ALJ failed to address whether plaintiff's assessed moderate limitations in her ability to maintain attention and concentration and her ability to understand and perform complex tasks, permit her to return to her past work as a cashier. A finding that a claimant is able to return to his past relevant work must be based on adequate documentation and a careful appraisal. Dealmeida v. Bowen, 699 F. Supp. 806, 807 (N.D. Cal. 1988) ("Without the proper foundation as to what [the claimant's] past relevant work entailed, the ALJ's subsequent determination that [the claimant] retained the residual functional capacity to perform that job is not supported by substantial evidence."). This determination requires a careful appraisal of the claimant's statements, the medical evidence, and, in some cases, corroborative information such as the DOT. SSR 82-62, 1982 WL 31386, at *3.

///

///

///

---

[8] The ALJ presented the vocational expert with the following hypothetical question:

> I'd like you to assume [a hypothetical person of the same] age, education and work background of this claimant . . . [with] no exertional limitations. This person has a mental impairment that would have moderate limitations on complex tasks. Moderate as I use the term means more than mild and less than severe, would be significant enough to be noticeable, would be considered noticeable, moderate on observation as one understands the ordinary English usage for the term moderate but would not preclude the function indicated. Could such a hypothetical person do the past relevant work of this claimant as a cashier?

(AR at 903).

According to the DOT's General Educational Development requirements[9], Cashier II requires Reasoning Development at Level Three, Mathematical Development at Level Two and Language Development at Level Two. 1991 WL 671840. Level Three Reasoning Development requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." Dictionary of Occupational Titles, Appendix C; see also 1991 WL 671840. Level Two Mathematical Development requires the ability to "[a]dd, subtract, multiply, and divide all units of measure[, p]erform the four operations with like common and decimal fractions[, c]ompute ratio, rate, and percent[, d]raw and interpret bar graphs[, and p]erform arithmetic operations involving all American monetary units." Id. The ALJ failed to clarify how plaintiff's limited capacity to understand and perform complex tasks, as well as maintain attention and concentration, factored into his analysis that plaintiff could perform her past work as a cashier which, according to the DOT, requires the ability to "[d]eal with problems involving several concrete variables in or from standardized situations[,]" among other things. The ALJ made very few findings and relied largely on the conclusions of the vocational expert in support of his conclusion at step four.[10] Any determination regarding a

---

[9] General Educational Development indicates what level of education, both formal and informal, is required of the worker for satisfactory job performance. This is education of a general nature which does not have a recognized, fairly specific occupational objective. Dictionary of Occupational Titles, Appendix C.

[10] The Court also notes that the ALJ failed to ask the vocational expert whether there was any conflict between her testimony and the information provided in the DOT. (See AR at 902-05). Pursuant to SSR 00-4p, before relying on a vocational expert's testimony to support a disability determination, an ALJ must do three things. First, at the hearing, the ALJ has an "affirmative responsibility to ask about any possible conflict between [the vocational expert's] evidence and information provided in the DOT." SSR 00-4p, 2000 WL 1898704, at *4; see id. at *2 ("At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency."). An ALJ may not properly rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT. Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) ("[W]e address the question whether, in light of the requirements of [Social Security Ruling] 00-4p, an ALJ may rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the Dictionary of Occupational Titles. We hold than an ALJ may not."). If the ALJ does not ask the vocational expert whether his testimony conflicts with the DOT, the reviewing court cannot determine whether substantial evidence supports the ALJ's findings. Id. at 1153-54 (citing Prochaska v. Barnhart, 454

claimant's ability to perform past work "must be developed and explained fully in the disability decision" and "every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." SSR 82-62, 1982 WL 31386, at *3; see Sivilay v. Apfel, 143 F.3d 1298, 1299 (9th Cir. 1998) (remanding to ALJ to "investigate fully the demands of the applicant's past work and compare them to the applicant's residual mental and physical capabilities").

C.     **Remand is Required to Remedy Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).

Here, the Court finds remand appropriate. There is insufficient evidence in the record to support the ALJ's finding that plaintiff's previous work as a cashier was "substantial gainful activity" and properly classified as plaintiff's "past relevant work." In addition, the ALJ failed to make specific findings of fact regarding the demands of plaintiff's previous work as a cashier and whether plaintiff retained the residual functional capacity to meet those demands. On remand, the ALJ must determine whether plaintiff's past work as a cashier properly constitutes past relevant work. If so, the ALJ must make the findings of fact required by SSR 82-62 to determine whether plaintiff can return to her past relevant work. If the ALJ determines plaintiff has no past relevant work, or cannot perform her past relevant work, the ALJ must proceed to

---

F.3d 731, 736 (7th Cir. 2006)); see also Travis v. Astrue, 477 F.3d 1037, 1042 (8th Cir. 2007) ("This court will not substitute its opinion for the ALJ's, who is in a better position to gauge credibility and resolve conflicts in evidence."). Second, if the vocational expert's testimony appears to conflict with the DOT, the ALJ must "obtain a reasonable explanation for the apparent conflict." SSR 00-4p, 2000 WL 1898704, at *4. Third, if the vocational expert's testimony is not consistent with the information in the DOT, the ALJ must "explain in the determination or decision how he or she resolved the conflict. . . . irrespective of how the conflict was identified." Id.

1  the fifth step of the sequential evaluation and determine whether plaintiff's impairments prevent
2  her from performing any other substantially gainful activity.[11]

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 6, 2009

/s/<br>JENNIFER T. LUM<br>UNITED STATES MAGISTRATE JUDGE

---

[11] In the Joint Stipulation, plaintiff also contends that the ALJ failed to properly consider the severity of plaintiff's mental impairments and properly evaluate plaintiff's credibility. As explained above, however, the ALJ's failure to make sufficient findings at Step Four of the sequential evaluation constitutes sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.